UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE M. BANOS,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 17-09076-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 19, 2017, Catherine M. Banos ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on April 4, 2018. (Dkt. 14.) On September 14, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 49 year-old female who applied for Social Security Disability Insurance benefits on January 23, 2014, alleging disability beginning July 1, 2012. (AR 19.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 1, 2012, the alleged onset date. (AR 21.)

Plaintiff's claim was denied initially and on reconsideration on April 23, 2015. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Roger E. Winkelman on July 14, 2016, in Santa Barbara, California. (AR 19.) Plaintiff appeared and testified at the hearing. (AR 19.) Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (AR 19.) Vocational expert ("VE") Alan E. Cummings also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on August 17, 2016. (AR 19-26.) The Appeals Council denied review on November 2, 2017. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the impact of Plaintiff's hands in her ability to perform work.
2. Whether the ALJ properly considered the opinion of the State agency physicians.
3. Whether the ALJ properly developed the record concerning Plaintiff's mental limitations and her ability to perform work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 1, 2012, the alleged onset date. (AR 21.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease; arthritis, hands; anxiety; depression. (AR 21.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 21-22.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> No uneven ground; simple instructions; simple routine tasks; never ladders, ropes, scaffolds; occasional all other postural limitations; frequently, but not constantly, bilateral overhead reaching, handling, and fingering; avoid concentrated exposure to extreme heat and cold, vibration, hazards.

(AR 22-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 23.)

At step four, the ALJ found that Plaintiff is not able to perform any past relevant work. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cleaner, packager, and inspector. (AR 25-26.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 26.)

**DISCUSSION**

The ALJ decision must be reversed for the failure to fully develop the record in regard to Plaintiff's wrist injury. The Court rejects Plaintiff's other arguments.

**I.  THE ALJ FAILED TO DEVELOP THE RECORD FULLY REGARDING PLAINTIFF'S LEFT WRIST INJURY**

Plaintiff alleges that she has hand problems from a left wrist fusion in November 2014 and cannot use her hands. (AR 23.) The ALJ found that Claimant has the medically determinable impairment of arthritis of the hands. (AR 21.) The ALJ assessed Plaintiff with a light work RFC with limitations of "frequently, but not constantly, bilateral overhead reaching,

handling and fingering." (AR 22.) At the fifth step of the sequential process, the ALJ found that the Plaintiff could perform jobs in the national economy, including the light work occupations of cleaner (323.687-014), packager (559.687-074), and inspector (920.687-194).

The Court interprets the RFC limitations to mean frequently reach overhead and frequently handle and finger, consistent with the opinions of the State agency physicians who reviewed the medical record. (AR 107-09, 123-125.) According to the Dictionary of Occupational Titles ("DOT"), the cleaner occupation requires "constant" reaching and handling (920.687-194), which is in conflict with Plaintiff's RFC limitation to only frequent reaching and handling. (AR 22.) The Commissioner concedes that the "constant" reaching and handling requirements for the inspector job would exceed the requirements of the ALJ's RFC limitation to only frequent handling. (JS 12.) The Commissioner, however, observes that Plaintiff can perform the other two occupations, the packager and cleaner jobs, neither of which requires constant reaching or handling. The packager occupation requires only "frequent" handling, fingering, and reaching. (559.687-074.) The cleaner occupation requires only "frequent" handling and reaching, and "occasional" fingering. (323.687-014.)

Plaintiff nonetheless asserts that the ALJ did not consider her limited left hand wrist flexion in assessing her RFC limitations. Plaintiff broke her wrist in 2001 and had increasing left wrist pain. (AR 312.) On October 9, 2014, Dr. David Hay diagnosed significant radioscaphoid arthritis, an approximate 20 degrees extension malunion and shortening of the radius. (AR 509.) On October 14, 2014, Dr. Hay recommended a scaphoid excision and four corner fusion. (AR 508.) Significantly, Dr. Hay opined that "she would have a significant loss of motion" and due to the malunion "may only have flexion on the order of 20-30 degrees." (AR 508.) Plaintiff contends that wrist flexion is needed to grasp and handle objects. (JS at 7.) She further contends that common experience directs the conclusion that jobs that require frequent handling require more than 20-30 degrees of wrist flexion. (JS at 7.) Plaintiff's assertion if true would not be harmless error because it would preclude the packager and cleaner jobs. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is

harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

The ALJ acknowledged Plaintiff's November 2014 wrist surgery. (AR 24.) The ALJ found that her hand surgeon did not note any complications from the surgery, Plaintiff appears to not have had significant hand problems in 2015 and stated that the evidence suggests Claimant's symptoms would lessen or resolve. (AR 24.) None of these findings, even if credited,[1] address the left wrist flexion issue.

The Commissioner in the Joint Stipulation asserts that Plaintiff's post-surgery treatment notes show that Plaintiff's left wrist surgery was successful. (JS 10:21-22, 576.) Dr. Hay, according to the Commissioner, stated, "The patient is doing well. She has good stability here," and further stated, "We discussed things with regard to the right side. She looks good. Well healed. Progressing well." (AR 576.) In fact, this April 19, 2016 note refers to a different surgery altogether on the right thumb on March 10, 2016. (AR 24, 574, 576.)

Plaintiff asserts that the ALJ failed to consider Plaintiff's limited wrist flexion. The Commissioner responds that Plaintiff is merely theorizing an additional functional limitation based on Dr. Hay's prediction that Plaintiff's wrist would be limited to 20-30 degree flexion. The Commissioner asserts that Dr. Hay, subsequent to the surgery, did not opine any actual functional limitations, citing AR 508. (JS 10:17-18.) This October 14, 2014 record, however, was before Plaintiff's November 13, 2014 surgery, not subsequent to it.

The parties then engage in a discussion about whether the manual dexterity requirements in the DOT classifications for the cleaner and packager jobs would exceed an assumed wrist flexion of 20-30 degrees. The problem with this discussion is that it proceeds on an assumption, not evidence. Without medical evidence of the extent of wrist flexion since the

---

[1] The Court also notes that Plaintiff went to the emergency room two days after her November 13, 2014 wrist surgery for severe pain in her left hand. (AR 392.) Five days after the surgery, Dr. Hay reported that Plaintiff had a poor reaction to the numbness block. (AR 504.) Plaintiff continued to have left wrist pain as recently as May 2016. (AR 575.) These records suggest a less rosy outcome than presented by the ALJ but they only address pain, not limitations in flexion.

7

November 13, 2014 surgery, there can be no resolution of whether any wrist flexion limitation would preclude the packager and cleaner occupations.

The ALJ gave little weight to Dr. Hay's March 11, 2016 note excusing Plaintiff from work for three months. (AR 24.) The ALJ, however, made no comment about Dr. Hay's other treatment notes in October 2014 that make clear there already existed a 20 degree extension malunion before the surgery (AR 509) and that due to the malunion "she may only have flexion on the order of 20-30 degrees." (AR 508.)

Fundamentally, the wrist flexion issue is one that should have been developed by the ALJ. In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. The ALJ's duty to develop the record is heightened when the claimant is unrepresented or mentally ill. Tonapetyan, 242 F.3d at 1150. Plaintiff here was unrepresented at the hearing (AR 19), and the ALJ has determined that Claimant has the medically determinable mental impairment of depression. (AR 21-22.) Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct "an appropriate inquiry." Smolen, 80 F.3d at 1288. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Id. Additionally, Social Security regulations provide for the purchase of a consultative examination when information necessary is not available from existing medical records or there is an inconsistency in the evidence or the evidence is insufficient to make a decision on a claim. 20 C.F.R. § 404.1519a.

To the Court, the issue here is pretty simple. Plaintiff had left wrist surgery on November 13, 2014. There was no reason why the ALJ could not have submitted questions to Dr. Hay to determine the amount of any limitation of Plaintiff's left wrist flexion. The ALJ erred in not doing so.

///

///

## II. THERE IS NO CONFLICT BETWEEN THE OPINIONS OF THE STATE AGENCY PHYSICIANS AND THE ALJ'S RFC

The ALJ's physical RFC specifies that Claimant can perform light work but never ladders, ropes, scaffolds; occasional all other postural limitations. (AR 22.) Two State agency physicians opined that Plaintiff can walk or stand six hours in an eight hour workday. (AR 107, 123.) Plaintiff contends that the ALJ did not discuss the opinions of the State agency physicians, the ALJ's RFC did not restrict Plaintiff's capacity to stand or walk, and the ALJ did not include a limitation on standing or walking in the hypotheticals given to the vocational expert. Plaintiff further contends that standing and walking more than six hours a day exceeds the six hour limit assessed by the State agency physicians.

Plaintiff's argument proceeds on a false premise that the ALJ did not restrict Plaintiff's capacity to stand or walk. The ALJ's RFC specifies "light" work. (AR 22.) A limitation to standing and walking six hours per day is within the light work exertional category. SSR 83-10 provides, "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday." See also Ocegueda v. Colvin, 630 F. App'x 676, 677 (9th Cir. 2015) (unpublished) ("Under the regulations as interpreted by the Commissioner, a 'full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday.'"), citing SSR 83-10. The ALJ also included a light work limitation in his hypotheticals to the VE. (AR 73.) Both the cleaner and packager occupations require light work consistent with the ALJ's light work RFC and hypothetical to the VE, and thus do not require more than 6 hours standing or walking in an 8 hour day. There is no conflict between the opinions of the State agency physicians and the ALJ's RFC findings or with the jobs identified that Plaintiff can perform. Any error in not discussing the State agency physician opinions or in not being more explicit in defining light work as requiring 6 hours of walking or standing in a 8 hour day is harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc.

Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination).

### III. THE ALJ FULLY DEVELOPED THE RECORD REGARDING PLAINTIFF'S MENTAL LIMITATIONS

The ALJ determined that Plaintiff has the medically determinable mental impairments of anxiety and depression. (AR 21.) To accommodate these impairments, the ALJ's RFC limits Plaintiff to "simple instructions; simple routine tasks." (AR 22.) The ALJ's mental RFC findings are consistent with the opinions of the examining psychiatrist and the State agency reviewing physician. (AR 22, 24, 125-127, 560- 565.) Dr. Jeriel Lorca, the consulting psychiatric examiner, opined Claimant had no limitation in the ability to perform simple repetitive tasks. (AR 565.) Dr. Lorca also opined that Plaintiff had moderate limitations in the ability to complete a normal workday or work week without interruptions resulting from any psychiatric conditions. (AR 565.) The ALJ credited this opinion. (AR 24.) State agency reviewer Dr. J. Schwartz opined Plaintiff was capable of performing simple tasks. (AR 121.) No physician in the record opined mental functional limitations beyond those found by the ALJ.

Plaintiff asserts that the ALJ failed to develop the record fully regarding Plaintiff's mental limitations by not inquiring of Dr. Lorca what the moderate limitations in the ability to complete a work week mean and how that impacted Plaintiff's ability to work, citing the Program Operations Manual System ("POMS") DI 25020.010 ¶ B.3d. POMS, however, is no authority at all because it is for internal SSA use, has no legal force, and does not bind SSA or the Courts. Lockwood v. Comm'r Soc. Sec., 616 F.3d 1068, 1073 (9th Cir. 2010). Dr. Lorca's moderate limitations, moreover, are in the domain of "concentration, persistence and pace." See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) ("The 'failure to complete tasks in a timely manner' is not a functional limitation but the end result of 'deficiencies of concentration, persistence and pace.'"). Such limitations are adequately encompassed in a limitation to simple routine tasks. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Here, all the examining and reviewing physicians opined Plaintiff could perform simple routine tasks notwithstanding any moderate limitations.

The record in this case was fully developed and the ALJ found no ambiguity. The ALJ developed the record by referring Plaintiff to Dr. Lorca for an independent psychiatric examination. Dr. Lorca, notwithstanding the moderate limitations assessed, opined that Plaintiff could perform simple and repetitive tasks. (AR 565.) The ALJ fully developed the record regarding Plaintiff's mental limitations.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: February 22, 2019

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE